# 13 CV 8394

**JS 44C/SDNY**
**REV. 7/2012**

**COPY**

**JUDGE BERMAN**

CIVIL COVER SHEET

NOV 2 5 2013
COPY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Shakir Brown | The City of New York, Police Officer Michael Urrita, Shield No. 14615, Individually and in his Official Capacity, Police Officer James Doheny, Shield No. 8479, et al. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Law Offices of Michael S. Lamonsoff, PLLC 80 Maiden Lane, 12th Floor NY NY10038 212-962-1020 | unknown |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

false arrest, malicious prosecution

Has this or a similar case been previously filed in SDNY at any time? No [ ]  Yes [X]   Judge Previously Assigned

If yes, was this case  Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ]  If yes, give date _____ & Case No. _____

Is this an INTERNATIONAL ARBITRATION CASE?  No [X]   Yes [ ]

*(PLACE AN [x] IN ONE BOX ONLY)*     NATURE OF SUIT

**TORTS**

**ACTIONS UNDER STATUTES**

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 620 OTHER FOOD & DRUG | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | | [ ] 430 BANKS & BANKING |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | | | | [ ] 450 COMMERCE |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | **PERSONAL PROPERTY** | [ ] 630 LIQUOR LAWS | **PROPERTY RIGHTS** | [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | [ ] 370 OTHER FRAUD | [ ] 640 RR & TRUCK | [ ] 820 COPYRIGHTS | |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 650 AIRLINE REGS | [ ] 830 PATENT | [ ] 480 CONSUMER CREDIT |
| | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | [ ] 660 OCCUPATIONAL SAFETY/HEALTH | [ ] 840 TRADEMARK | [ ] 490 CABLE/SATELLITE TV |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 OTHER PERSONAL INJURY | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 690 OTHER | **SOCIAL SECURITY** | [ ] 810 SELECTIVE SERVICE |
| | | | | [ ] 861 HIA (1395ff) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 160 STOCKHOLDERS SUITS | | | **LABOR** | [ ] 862 BLACK LUNG (923) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 190 OTHER CONTRACT | | **PRISONER PETITIONS** | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 863 DIWC/DIWW (405(g)) | |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255 | [ ] 720 LABOR/MGMT RELATIONS | [ ] 864 SSID TITLE XVI | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 196 FRANCHISE | **ACTIONS UNDER STATUTES** | [ ] 530 HABEAS CORPUS | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 865 RSI (405(g)) | [ ] 891 AGRICULTURAL ACTS |
| | **CIVIL RIGHTS** | [ ] 535 DEATH PENALTY | [ ] 740 RAILWAY LABOR ACT | **FEDERAL TAX SUITS** | [ ] 892 ECONOMIC STABILIZATION ACT |
| | [ ] 441 VOTING | [ ] 540 MANDAMUS & OTHER | [ ] 790 OTHER LABOR LITIGATION | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 893 ENVIRONMENTAL MATTERS |
| **REAL PROPERTY** | [ ] 442 EMPLOYMENT | | [ ] 791 EMPL RET INC SECURITY ACT | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 894 ENERGY ALLOCATION ACT |
| [ ] 210 LAND CONDEMNATION | [ ] 443 HOUSING/ ACCOMMODATIONS | **PRISONER CIVIL RIGHTS** | **IMMIGRATION** | | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 220 FORECLOSURE | [ ] 444 WELFARE | [X] 550 CIVIL RIGHTS | [ ] 462 NATURALIZATION APPLICATION | | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 555 PRISON CONDITION | [ ] 463 HABEAS CORPUS- ALIEN DETAINEE | | |
| [ ] 240 TORTS TO LAND | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | | [ ] 465 OTHER IMMIGRATION ACTIONS | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner) | | | | |
| [ ] 290 ALL OTHER REAL PROPERTY | | | | | |

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____  OTHER _____

JUDGE _____   DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [X] YES [ ] NO

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| Shakir Brown | )<br>) |
| _Plaintiff_ | )<br>) |
| v. | ) |
| The City of New York, Police Officer Michael Urrita, | ) |
| Shield No.14615, Police Officer James Doheny, et al. | )<br>) |
| _Defendant_ | ) |

JUDGE BERMAN

## 13 CV 8394

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_    The City of New York
c/o The New York City Law Department
100 Church Street
New York, New York 10038

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Law Offices of Michael S. Lamonsoff, PLLC
> 80 Maiden Lane, 12th Floor
> New York, New York 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

_CLERK OF COURT_

Date: NOV 2 5 2013

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| Shakir Brown | ) | JUDGE BERMAN |
| _Plaintiff_ | ) ) ) | |
| v. | ) | Civil Action No. |
| The City of New York, Police Officer Michael Urrita, Shield No.14615, Police Officer James Doheny, et al. | ) ) ) | 13 CV 8394 |
| _Defendant_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Police Officer Michael Urrita, Shield No.14615
c/o Patrol Manhattan Borough North-30th Precinct
451 West 151st Street
New York, New York 10031

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane, 12th Floor
New York, New York 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date: NOV 2 5 2013

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

JUDGE BERMAN

| | |
|---|---|
| Shakir Brown | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| The City of New York, Police Officer Michael Urrita, | ) |
| Shield No.14615, Police Officer James Doheny, et al. | ) |
| *Defendant* | ) |

**13 CV 8394**

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Police Officer James Doheny, Shield No. 8479
c/o Patrol Manhattan Borough North-30th Precinct
451 West 151st Street
New York, New York 10031

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane, 12th Floor
New York, New York 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date:  NOV 2 5 2013     _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

JUDGE BERMAN

| | |
|---|---|
| Shakir Brown | ) |
| *Plaintiff* | ) |
| v. | ) |
| The City of New York, Police Officer Michael Urrita, Shield No.14615, Police Officer James Doheny, et al. | ) |
| *Defendant* | ) |

Civil Action No.   13 CV 8394

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Police Officer Thomas Dunn, Shield No. 29032
c/o Patrol Manhattan Borough North-30th Precinct
451 West 151st Street
New York, New York 10031

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Law Offices of Michael S. Lamonsoff, PLLC
> 80 Maiden Lane, 12th Floor
> New York, New York 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date:   NOV 2 5 2013

_____
*Signature of Clerk or Deputy Clerk*

JUDGE BERMAN

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

# 13 CV 8394

-------------------------------------------------------------------------------

SHAKIR BROWN,

                            *Plaintiff,*

            -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL URRITA, Shield No. 14615, Individually
and in his Official Capacity, POLICE OFFICER
JAMES DOHENY, Shield No. 8479, Individually
and in his Official Capacity, POLICE OFFICER
THOMAS DUNN, Shield No. 29032, Individually
and in his Official Capacity, and POLICE OFFICER
"JOHN DOE", Individually and in his Official
Capacity, the name "JOHN DOE" being fictitious
as the true name is not presently known,

                                        *Defendants.*

                            Defendants.

**COMPLAINT**

JURY TRIAL
DEMANDED

RECEIVED
NOV 2 5 2013
U.S.O.C. S.D.N.Y.
CASHIERS

-------------------------------------------------------------------------------

    Plaintiff, SHAKIR BROWN, by and through his attorneys, **THE LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon

information and belief:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States of America.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

1

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b),

in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff, SHAKIR BROWN, is, and has been, at all relevant times, a resident of the

City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform all

functions of a police department as per the applicable sections of the New York State Criminal

Procedure Law, acting under the direction and supervision of the aforementioned municipal

corporation, THE CITY OF NEW YORK.

9.      At all times hereinafter mentioned, the individually named defendants, POLICE

OFFICER MICHAEL URRITA, POLICE OFFICER JAMES DOHENY, POLICE OFFICER

THOMAS DUNN, and POLICE OFFICER "JOHN DOE," were duly sworn police officers of said

department and were acting under the supervision of said department and according to their official

duties.

10.    At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13.    On or about January 4, 2013, at approximately 9:10 p.m., plaintiff SHAKIR BROWN, was lawfully present in his vehicle outside in the vicinity of the intersection of 117th Street and Park Avenue in the County and State of New York.

14.    At that time and place, the individually named officers approached plaintiff's vehicle, opened his door, and pulled him out of said vehicle.

15.    Thereafter, the individually named defendants began to punch and strike the plaintiff about the head, face, and body.

16.    The individually named defendants then handcuffed plaintiff's arms tightly behind his back.

17.    With his arms handcuffed behind his back, the defendants again began to punch and strike the plaintiff about the head, face and body.

18.    Defendants then conducted a search of the plaintiff's vehicle, uncovering no evidence of criminal or unlawful activity whatsoever.

3

19.     Said search was performed without probable cause, privilege or consent.

20.     At no time on January 4, 2013 did plaintiff commit any crime or violation of law.

21.     At no time on January 4, 2013 did defendants possess probable cause to arrest plaintiff.

22.     At no time on January 4, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

23.     At no time on January 4, 2013 did defendants posses probable cause or any privilege to search the plaintiff's vehicle.

24.     At no time on January 4, 2013 did the plaintiff use force or threaten to use force against the defendant officers and the force employed against him was objectively unreasonable.

25.     Defendants thereafter transported plaintiff to a nearby police precinct.

26.     In connection with plaintiff's arrest, the defendants filled out knowingly false and misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

27.     As a result of the defendants' conduct, the plaintiff was charged with Criminal Possession of a Weapon in the Fourth Degree, Resisting Arrest, and Disorderly Conduct.

28.     Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

29.     Specifically, defendants falsely, knowingly, and maliciously alleged that plaintiff entirely blocked a roadway causing a traffic jam, that he struck the defendant JAMES DOHENY, and that they recovered a gravity knife from plaintiff's vehicle.

30.     As a direct result of his unlawful arrest and the unlawful acts of the defendants,

4

plaintiff spent approximately thirty hours in custody.

31.     Additionally, as a direct result of the defendants' unlawful actions, plaintiff spent approximately nine months making numerous court appearances.

32.     Despite defendants' actions, all charges against plaintiff, SHAKIR BROWN, were dismissed on September 3, 2013.

33.     As a result of the foregoing, plaintiff SHAKIR BROWN sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

34.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

35.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

36.     All of the aforementioned acts deprived plaintiff, SHAKIR BROWN, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

38.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules

of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF FOR
FALSE ARREST UNDER 42 U.S.C. § 1983**

40.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41.     As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

42.     As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF FOR
MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

43.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

44.     Defendants misrepresented and falsified evidence before the New York County District Attorney.

45.     Defendants did not make a complete and full statement of facts to the District Attorney.

6

46.     Defendants withheld exculpatory evidence from the District Attorney.

47.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, SHAKIR BROWN.

48.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff, SHAKIR BROWN.

49.     Defendants acted with malice in initiating criminal proceedings against plaintiff, SHAKIR BROWN.

50.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, SHAKIR BROWN.

51.     Defendants lacked probable cause to continue criminal proceedings against plaintiff, SHAKIR BROWN.

52.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

53.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about September 3, 2013 when the charges against him were dismissed.

54.     As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

55.     Plaintiff, SHAKIR BROWN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

56.     The force employed by the individually named defendants against the plaintiff was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

57.     As a result of the foregoing, plaintiff, SHAKIR BROWN, suffered lacerations and bruising to his face and body and was caused to fear for his safety and suffer violation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

58.     Plaintiff, SHAKIR BROWN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

59.     Defendants arrested and incarcerated plaintiff, SHAKIR BROWN, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

60.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

61.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices,

8

procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

62.     Those customs, policies, patterns, and practices include, but are not limited to:

    i.     requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    ii.     requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

    iii.     failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv.     failing to properly train police officers in the requirements of the United States Constitution.

63.     The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i.     arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii.     arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii.     falsifying evidence and testimony to support those arrests;

    iv.     falsifying evidence and testimony to cover up police misconduct.

64.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute deliberate indifference to the safety, well-being and constitutional rights of plaintiff, SHAKIR BROWN.

65.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate

9

cause of the constitutional violations suffered by plaintiff as alleged herein.

66.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

67.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

68.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

69.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

70.     All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

71.     Plaintiff, SHAKIR BROWN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

72.     On or about February 4, 2013, and within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

10

73.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

74.     This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

75.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

76.     This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## SIXTH CLAIM FOR RELIEF
### FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

77.     Plaintiff, SHAKIR BROWN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

78.     At the aforesaid place and time, the individually named defendants did cause plaintiff, SHAKIR BROWN, to be unlawfully assaulted and battered, without cause or provocation.

79.     The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

80.     As a result of the aforesaid assault and battery, plaintiff, SHAKIR BROWN, was injured, both physically and mentally.

## SEVENTH CLAIM FOR RELIEF
### FOR FALSE ARREST AND IMPRISONMENT UNDER NEW YORK LAW

81.     Plaintiff, SHAKIR BROWN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

11

82.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

83.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

84.     As a result of the foregoing plaintiff, SHAKIR BROWN, was caused to sustain physical and emotional injuries.

<u>**EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**</u>
<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>

85.     Plaintiff, SHAKIR BROWN, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

86.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

87.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

88.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

89.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

90.     As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and

12

loss of freedom.

## NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

91.     Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

92.     Defendant, CITY OF NEW YORK, selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

93.     Defendant, CITY OF NEW YORK, was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

94.     Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated:  New York, New York
        November 21, 2013

                                    Respectfully submitted,

                                    **LAW OFFICES OF MICHAEL S.
                                    LAMONSOFF, PLLC**
                                    *Counsel for the Plaintiff*


                        By:         _____
                                    MATTHEW SHROYER (MS-6041)
                                    80 Maiden Lane, 12th Floor
                                    New York, New York 10038
                                    (212) 962-1020

14

Docket No.

UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAKIR BROWN,

                    Plaintiff,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER MICHAEL URRITIA, Shield No. 14615, Individually and in his Official Capacity, POLICE OFFICER JAMES DOHENY, Shield No. 8479, Individually and in his Official Capacity, and POLICE OFFICER "JOHN DOE", Individually and in his Official Capacity, and POLICE OFFICER "JOHN DOE", Individually and in his Official Capacity, the name "JOHN DOE" being fictitious as the true name is not presently known,

          Defendants.

---

## SUMMONS AND COMPLAINT

---

# LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC

*Attorneys for Plaintiff*
**80 Maiden Lane, 12th Floor**
**New York, New York 10038**
**(212) 962-1020**

---

TO:    The City of New York
        c/o New York City Law Dept
        100 Church Street
        New York, New York 10007

        Police Officer Michael Urritia, Shield No. 14615
        c/o Patrol Borough of Manhattan North-30[th] Precinct
        451 West 151st Street
        New York, New York 10031

        Police Officer James Doheny, Shield No. 8479
        c/o Patrol Manhattan Borough North-30[th] Precinct
        451 West 151st Street
        New York, New York 10031

        Police Officer Thomas Dunn, Shield No. 29032
        c/o Patrol Manhattan Borough North-30[th] Precinct
        451 West 151st Street
        New York, New York 10031

        Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                      ——————————————

                      Matthew Shroyer